FILED
3|17|2014
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

HENRY LEE BROWN, JR.,

      Plaintiff,

vs.

    CASE NO.: 3'14-CV-298-J-20JRK

NCO FINANCIAL SYSTEMS, INC.,
a foreign corporation,

      Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, HENRY LEE BROWN, JR., sues the Defendant, NCO FINANCIAL

SYSTEMS, INC., a foreign corporation, and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1.    This is an action for damages exceeding Seventy-five Thousand Dollars

($75,000.00) exclusive of attorney fees and costs.

2.    Plaintiff brings this action to recover statutorily prescribed damages for acts on

the part of Defendant in violation of 47 U.S.C. § 227, *et seq.*, the Telephone Consumer

Protection Act of 1991 (hereafter "TCPA"), and the rules and regulations applicable thereto, as

set forth in 47 C.F.R. § 64.1200 (hereafter the "Rules and Regulations"), the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA") and the Florida Consumer

Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a

federal question, and supplemental jurisdiction under 28 U.S.C. § 1367 for the related claims.

4.      The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.      Plaintiff is a natural person who is over the age of eighteen (18) who resides in Duval County, Florida.

6.      Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Plaintiff HENRY LEE BROWN, JR., is the "called party" with respect to the cellular telephone calls described herein. *See Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012).

9.      At all times material hereto, Defendant, NCO FINANCIAL SYSTEMS, INC. (hereafter "NCO"), was and is a foreign corporation, duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Horsham, Pennsylvania.

10.     At all times material hereto, Defendant NCO did transact business in Duval County, Florida, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and/or section 559.55(6), Florida Statutes. Defendant sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and is therefore a "consumer debt."

11.     As described herein, Defendant NCO employed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of outrageous, abusive

and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff that Plaintiff does not owe.

12.     Defendant NCO consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors with respect to the debt at issue, alleged by Defendant NCO to be owed by Plaintiff on an unknown account.

13.     In or about May of 2011, Defendant NCO began initiating automated calls to Plaintiff's residential telephone number, (904) 355-6211, and his cellular telephone number, (904) 386-3285, in an effort to collect a debt from Plaintiff on an unknown account which Plaintiff does not owe. Plaintiff's caller ID reflected that the Defendant's calls originated from the numbers (800) 725-6588, (800) 735-6588, and (800) 728-3346, among others.

14.     On several occasions Plaintiff would speak to an NCO representative and explain that although his name is "Henry Brown," there are undoubtedly several individuals named Henry Brown in this country, and while there may be a "Henry Brown" that owes NCO money, Defendant NCO was calling the wrong Henry Brown in this instance, and to stop calling his residential number of (904) 355-6211 and his cellular phone number of (904) 386-3285.

15.     On or about Tuesday, April 23, 2013 at 2:37 p.m., Defendant NCO left the following voice mail message on Plaintiff's residential answering machine:

> Please return call to Kurt Huer at 800-735-6588 - again that's Kurt Huer at 800-735-6588 - thank you - NCO Financial Systems is a debt collection company this is an attempt to collect a debt and any information obtained will be used for that purpose.

16.     On or about Wednesday, April 24, 2013 at 2:17 p.m., Defendant NCO left the following voice mail message on Plaintiff's residential answering machine:

> This is an important message from NCO Financial Systems a debt collection company - please return call to Kurt Huer at 800-728-3346 - Kurt Huer at 800-728-3346- thank you - NCO Financial Systems is a debt collection company this is an attempt to collect a debt and any information obtained will be used for that purpose. 800-728-3346. Please refer to ID # XDG844.

17.     On or about Thursday, April 25, 2013 at 1:49 p.m., Defendant NCO left the following voice mail message on Plaintiff's residential answering machine:

> Please return call to Kurt Huer at 800-735-6588 - again that's Kurt Huer at 800-735-6588 - thank you - NCO Financial Systems is a debt collection company this is an attempt to collect a debt and any information obtained will be used for that purpose.

18.     On that same date, approximately two hours later, Defendant NCO left another identical voice mail message on Plaintiff's residential answering machine:

19.     In or about May of 2013, Plaintiff continued to receive numerous voice messages on his aforementioned residential answering machine from Defendant NCO in an effort to collect the above-described alleged debt.

20.     Plaintiff is 63 years of age and is currently confined to a wheelchair due to rheumatoid arthritis. Because of his medical condition, Plaintiff is prone to injury when attempting to answer the telephone, often times only to hear an automated message from NCO upon answering.

21.     Defendant NCO also initiated calls to Plaintiff's cellular phone number, 904-386-3285, in an effort to collect the above described alleged debt that Plaintiff does not owe.

22.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, 904-386-3285, and was the called party and recipient of Defendant NCO's above-described calls.

23.     Despite Plaintiff notifying Defendant NCO that Plaintiff was not the correct party and demanding that it stop placing calls to his aforementioned residential and cellular telephone numbers, Defendant NCO, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, FDCPA and FCCPA by and through the actions of its agents and representatives, including but not limited to:

a.     Calling Plaintiff's aforementioned cellular telephone number, in excess of fifteen (15) times in an effort to collect the above described alleged debt.

b.     Calling Plaintiff's aforementioned residential and cellular telephone numbers and leaving messages on Plaintiff's answering machine and/or voicemail disclosing that the message was left in "an attempt to collect a debt" alleged to be owed by Plaintiff.

c.     Calling Plaintiff's aforementioned residential and cellular telephone numbers and hanging up either prior to or as soon as Plaintiff, members of Plaintiff's household or the Plaintiff's answering machine and/or voicemail answered the call.

d.     Calling from numerous different telephone numbers that appear on Plaintiff's caller ID as someone or some entity other than Defendant NCO, or with no identification at all.

e.     Failing to provide Plaintiff with requested verification information prior to subjecting Plaintiff to continuous collection harassment.

24.     To date, Plaintiff has received in excess of 15 calls from Defendant NCO on his aforementioned cellular telephone number, and in excess of 150 calls from Defendant to his aforementioned residential telephone number.

25.     Upon information and belief, the telephone calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number using an "automated

-5-

telephone dialing system" or "autodialer," which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers as defined by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

26.     Defendant NCO initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" or "prior express invitation or permission" of Plaintiff as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

27.     Additionally, none of the telephone calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

28.     Defendant NCO has a corporate policy of using an automatic telephone dialing system and/or a prerecorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular number and residential number, as described herein.

29.     Defendant NCO willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

30.     Despite actual knowledge of its wrongdoing, Defendant NCO continued the campaign of harassment and abuse.

31.     Defendant NCO's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

32.     Defendant NCO's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

33.     As described herein, Defendant NCO employed business practices resulting in intentional harassment and abuse of the Plaintiff, and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect an alleged debt from Plaintiff.

34.     Defendant NCO intentionally harassed and abused Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff told Defendant's representatives to stop calling as he was the wrong party.

35.     Defendant NCO has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

36.     Defendant NCO followed its corporate policy when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

37.     Defendant NCO has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

38.     Defendant NCO has, or should be in possession and/or control of call logs, account notes, auto dialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATIONS OF THE TCPA AGAINST NCO

39.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (38), as if fully set forth herein.

40.    None of the calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA and its Rules and Regulations, 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and defined by 47 U.S.C. § 64.1200(f)(15).

41.    Additionally, none of the calls at issue were placed by Defendant NCO to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA and its Rules and Regulations, 47 U.S.C. §227 (b)(1)(A) and 47 U.S.C. § 64.1200(a)(1), and as defined by 47 U.S.C. § 64.1200(f)(4).

42.    Defendant NCO willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA and its Rules and Regulations, 47 U.S.C. §227(b)(1)(A)(iii) and 47 U.S.C. § 64.1200(a)(1).

43.    The TCPA provides Plaintiff with a private right of action against Defendant NCO for its violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

### COUNT II
### VIOLATION OF THE FDCPA AGAINST NCO

44.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (38), as if fully set forth herein.

45.     Plaintiff has been the object of collection activity by Defendant NCO arising from an alleged consumer debt.

46.     Defendant NCO is a "debt collector" as defined by the FDCPA.

47.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692c(b) by leaving voicemail messages on Plaintiff's voice mail in such a way as to disclose information regarding the alleged debts to third parties.

48.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

49.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephones to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called numbers.

50.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's aforementioned residential and cellular telephone numbers and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in

such a way as to fail to provide a meaningful disclosure of its identity.

51.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692e(2)(a) by failing to accurately represent the character, amount, or legal status of any debt.

52.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

53.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's aforementioned residential and cellular telephone numbers and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

54.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

55.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

56.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692g(b) by failing to cease collection efforts until the alleged debt was validated.

57.     Defendant NCO engaged in an act or omission prohibited under 15 U.S.C. §1692g(b) by failing to provide Plaintiff with verification of the debt or a copy of a judgment, and the name and address of the original creditor, if different than the current creditor.

58.     Defendant NCO's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. §1692 including, but not limited to: statutory damages, actual damages in the form of

emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA AGAINST NCO

59.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (38), as if fully set forth herein.

60.     At all times material to this action Defendant NCO was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

61.     Defendant NCO engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with the Plaintiff or any member of his family with such frequency as can reasonably be expected to harass the Plaintiff.

62.     Defendant NCO engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

63.     Defendant NCO engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

64.     The actions of Defendant NCO have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida

Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorneys' fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant NCO for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorneys' fees, costs, interest and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

David P. Mitchell, Esquire
Florida Bar No. 067249
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4797
DMitchell@ForThePeople.com
VMarrero@ForThePeople.com
Counsel for Plaintiff